IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Leon Brice Johnson ) Docket No. 113C9:07CR80036
    petitioner (pro-se)
) Defendant No. 02

) Guidelines Manual: 2007

Vs. )

United States of America )
    respondent.
)

FILED by ▎▎ D.C.
JUL 03 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. - MIAMI

MEMORANDUM OF LAW IN SUPPORT OF MOTION
FILED PURSUANT TO TITLE 28 U.S.C. 2255(f)(3),
IN LIGHT OF NEW SUPREME COURT PRECEDENT
FLORENCIO ROSALES-MIRELES, No.16-9493.

Statement of Case

On February 29, 2008, the defendant pled guilty to Counts 1, 16-18, 22 and 24 of a 29-Count Superseding Indictment. Count 1 charged the petitioner with Conspiracy to smuggle aliens, in violation of 8 u.s.c. §1324(a)(1)(A)(i). Counts 16, 17, and 18 charged the petitioner with alien smuggling resulting in death, in violation of 8 u.s.c. §1324(a)(1)(B)(iv). Count 22 charged the petitioner with Conspiracy to import 5 grams or more of cocaine, in violation of 21 u.s.c. §952(a) and 963. Count 24 charged the petitioner with Conspiracy to import at least one kilogram of heroin, at least 500 grams of cocaine and marijuana, in violation of 21 u.s.c. §952(a) and 963.

GROUND ONE ARGUMENT

The United States Probation Officer during his investigation and preparence of the (presentence report), miscalculated petitioners base offense level when the Probation Officer grouped Counts 16, 17, and 18 with Count 1 of the Superseding Indictment.

(1)

The United States Probation Officer was never suposed to group Counts 16, 17, and 18 with Count 1, only Counts 22 and 24 of the Superseding Indictment can be grouped which would only allowed 1 additional point to be added to the petitioners base offense level. Due to this miscalculation the Probation Officer added 4 points to the base offense level of 38 in which 2A1.2 calls for resulting in a base offense level of 42. Counts 16, 17, and 18 are homicide offenses which are not allowed to be grouped. §2A1.2, is explicitly excluded from the guidelines grouping procedure under the, U.S.S.C. §3D1.2, which specifically forbids the grouping of homicide offenses.

The Probation Officers miscalculations violated the petitioners due process of law and equal protection Rights, when he applied the wrong guidelines calculations to the petitioners crime. The 3 points that were added to petitioners base offense level under the illegal grouping rule for Counts 16, 17, and 18 should be removed. This would mean the petitioners base offense level should have started at a base level of 39, and after the petitioner received the 3 levels for responsability under §3E1.1, the petitioners base offense level would have been 36, and with a criminal history category of 1, the petitioner would have been faced with an advisory Guidelines Range of 188 to 235 months of imprisonment, much lesser than the 262 to 327 months Guidelines Range he received because of the miscalculations the Court relied on because of the probation officers miscalculations.

The Spreme Court in, Florencio Rosales-Mireles v. United States, No. 16-9493, has already established in its ruling that, an error resulting in a higher range than the Guidelines provide usually establishes a reasonable probability that a defendant will serve a prison sentence greater than "necessary" to fulfil the purpose of incarceration. This is inconsistent with the factors established in 18 u.s.c. §3553(a). The Court in Saul Molina-Martinez, 136 S.Ct. 1338; 194 L.Ed. 2d 444; 2016 LEXIS 2800; 84 U.S.W.L. 4216; 26 Fla. L. Weekly Fed. S 94, No. 14-8913, Held:

(2)

Court" reviewing guidelines errors cannot apply a categorical "additional evidence" rule in cases, where a district court applies an incorrect range but sentences the defendant within the correct range. In petitioners case, the Court violated petitioners due process rights as well as his substantial rights were violated, because absent the error the out come would have been different. The United States Sentencing Guidelines central role in sentencing means that an error related to the guidelines can be particularly serious. A district court that improperly calculates a defendant's guidelines range, for example, has committed a significant procedural error. That same principle explains the ruling that a retrospective increase in the guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an ex post facto violation.

As stated in Martinez, the United States Sentencing Guidelines are not only the starting point for most federal sentencing proceedings but also the lodestar. The guidelines inform and instruct the district court's determination of an appropriate sentence. Needless to say, the petitioner was prejudiced because the error caused petitioner to be sentenced to a higher guideline range than he would have received absent the error. For instence under the correct calculation of the guidelines the petitioners guidelines range sentence would have been 188 to 235 months of imprisonment, but instead he was subjected to a guidelines range of 262 to 327 months of imprisonment as a result of a miscalculation made by the probation officer in which the court relied on.

Even though petitioners counsel was ineffective during the proceedings, and did not raise this claim, this is a judicial error made by the court when the court relied of the (probation officers miscalculations), without first making sure the calculations were correct before imposing a sentence, this is not the petitioners fault. In fact the petitioner objected to the (PSI Report) on July 3, 2008, however the court left the objections unresoled.

(3)

Although the Supreme Courts decision in Florecio Rosales-Mireles was dealing with, federal of Criminal Procedure 52(b), the petitioner files this 2255(f)(3), in light of new Supreme Court Precedent. Petitioner is seeking relief because his Constitutional Rights have been violated, as well as the ex post facto clause of the United States Constitution according to the Supreme Court.

If honorable Court beleive that, Fed.R.Crim.P. 52(b), is the proper avenue, then petitioner respectfully as that this honorable court explain so in writing, and/or construe his pro se pleadings leberally in order to correct this error in which violates the petitioners Constitutional Rights.

### U.S. Const. Art.1 §10 section 10 Expost Facto Clause:

No State shall enter into any treaty, alliance, or confederation; grant letters of marque and reprisal; coin money; emit bills of credit; make any thing but gold and silver coin a tender payment of debts; pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts, or grant any title of nobility.

### U.S. Const. Fifth Amendment:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

### U.S. Const. Sixth Amendment:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by  law, and to be informed of the nature and cause of the accusation; to be

(4)

confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the effective assistance of counsel.

The petitioner was not afforded due process of law, because the court applied the wrong version of the guidelines to impose a sentence out-side the guidelines range applicable to the petitioner for the crime he committed. The petitioners Sixth Amendment Rights were violated when counsel failed to perform as required by the Sixth Amendment, when counsel failed to object to the miscalculation and/or failed to follow up on the objections made by the petitioner regarding the (PSI).

### Requsted Relief

The petitioner respectfully request that the court correct the miscalculations that was made by the U.S. Probation Officer, in which the Probation Officer erred when he grouped counts 16, 17, and 18, which added 3 additional points to petitioners base offense level. 2A1.2 warrants a base offense level of 38, and if the court would have only given the petitioner 1 additional point for the grouping of count 22 and 24, then the petitioners base offense level would have been 36 after he received the 3 level reduction under 3E1.1. Category 1 with a base offense level of 36, corresponds with an advisory guidelines range of 188 to 235 months of imprisonment. The petitioner prays that this honorable court corrects his base offense level and afford him a correct advisory guidelines range of 188 to 235 months.

Certificate of Service

I, Leon Brice Johnson, hereby certify that the foregoing information that is contained in this memorandum of law regarding this 2255(f)(3) petition is true and correct to the best of my ability and state that I have placed the correct amount of copies in the, FCI Loretto Postal service Mailbox, Po Box 1000, Loretto PA 15940, to the below mentioned address on this 25 day of June 2018.

United states District Court
Southern district of Florida
West Palm Beach Division
701 Clematis Street, Rm#402
West Palm Beach, FL 333401

                                                  Leon Brice Johnson
                                                  Reg No.72686-004
                                                  FCI Loretto
                                                  Po Box 1000
                                                  Loretto, PA 15940

                                                  *Leon Brice-Johnson*
                                                  Signature.

Leon Brice-Johnson # 73686-004
Federal Correctional Institution
P.O. Box 1000
Loretto, Pennsylvania 15940

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK - ROOM 8N09
400 NORTH MIAMI AVENUE
MIAMI, FLORIDA 33128-7716

legal mail



Legal Mail